IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACQUELINE GARBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case 1:16-CV-00137-AT |
| | ) |
| SHERIFF BUTCH CONWAY, in his | ) |
| official and individual capacities, | ) |
| COLONEL DON PINKARD, in his | ) |
| official and individual capacities, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Butch Conway ("Conway") and Don Pinkard ("Pinkard) file their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint ("Complaint") as follows:

## ANSWER

Defendants respond to the individually numbered paragraphs of plaintiff's complaint as follows:

1.

Admitted that plaintiff is the mother of Adam Garber. Defendants are without knowledge of whether plaintiff is a resident of New York.

-1-

2.

Admitted, except that defendants deny the portion of this paragraph that states Sheriff Conway is "responsible" for the creation, revision and implementation of the policies that are the subject of this lawsuit."

3.

Admitted.

4.

Admitted.

5.

Admitted.

6.

Admitted.

7.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 7.

8.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 8.

9.

Denied.

10.

Denied.

11.

Admitted.

12.

Denied.  http://www.gwinnettcountysheriff.com/index.php/mail-policy/

13.

Defendants deny that the GDC mail policy size requirement for postcards is different than stated on the GDC website.

14.

Denied.

15.

Admitted.

16.

Denied.

17.

Denied.

18.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 18.

19.

Denied.

20.

Denied.

21.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 21.

22.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 22.

23.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 23.

24.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 24.

25.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 25.

                                    26.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 26.

                                    27.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 27.

                                    28.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 28.

                                    29.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 29.

                                    30.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 30.

31.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 31.

32.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 32.

33.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 33.

34.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 34.

35.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 35.

36.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 36.

37.

Defendants admit that there is a general First Amendment right to correspond with pretrial detainees, but deny that a mother of a pre-trial detainee has any First Amendment right superior to other individuals' right.

38.

Denied.

39.

Denied.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied as stated.

44.

Admitted.

45.

Admitted.

46.

Admitted.

47.

Denied.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied.

53.

Denied.

54.

Denied.

55.

Denied.

56.

Denied.

57.

Denied.

58.

Denied.

59.

Denied.

60.

Denied.

61.

Denied.

62.

Admitted.

63.

Denied.

64.

Denied.

65.

Denied.

66.

Denied.

67.

Denied.

68.

Denied.

69.

Denied.

70.

Denied.

71.

Denied.

72.

Denied.

73.

Denied.

74.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 74.

75.

Denied. Defendants further state that there is not a blanket ban on newspapers.

76.

Denied.

77.

Denied. Defendants further state that there is not a blanket ban on newspapers.

78.

Denied. Defendants further state that there is not a blanket ban on newspapers.

79.

Denied.  Defendants further state that there is not a blanket ban on newspapers.

80.

Denied.  Defendants further state that there is not a blanket ban on newspapers.

81.

Defendants are without knowledge as to the truth of the allegations as stated in paragraph 74.

82.

Denied.

83.

Admitted.

84.

Admitted.

85.

Defendants are without knowledge as to the truth of the allegations as stated in the first sentence of paragraph 85.  The second sentence is admitted.  The third

sentence is denied, and defendants further state that all newspapers are not excluded.

86.

Denied.

87.

Denied.  Defendants further state that there is not a blanket ban on newspapers.

88.

Denied.

89.

Denied.  Defendants further state that there is not a blanket ban on newspapers.

Any allegations not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every count set forth therein fails to state a claim against the defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent plaintiff's claims are against defendant Pinkard in his official capacity, those claims are actually claims against Gwinnett County and therefore defendant Pinkard should be dismissed from the case.

## THIRD AFFIRMATIVE DEFENSE

To the extent plaintiff makes any state law claims against Gwinnett County, the claims are barred by the doctrines of governmental immunity and sovereign immunity according to the Constitution and laws of the United States and the State of Georgia.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against defendants are barred by the doctrines of discretionary immunity, official immunity, and/or qualified immunity according to the Constitution and laws of the United States and the State of Georgia.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer, and has not alleged that she suffered, a deprivation of any constitutional or statutory rights that was caused as a result of any custom, practice, or policy of Gwinnett County.

## SIXTH AFFIRMATIVE DEFENSE

No act or omission on the part of the Defendants proximately caused whatever injury or damages, if any, which Plaintiff claims to have suffered.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief against defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Gwinnett County is not named as a defendant and thus plaintiff cannot recover any damages from Gwinnett County.

## NINTH AFFIRMATIVE DEFENSE

To the extent plaintiff's claims are against defendants in their official capacities, defendants are entitled to 11th Amendment immunity.

WHEREFORE, defendants respectfully request that the court:

(a) deny all of plaintiff's requests for relief;

(c) enter judgment in favor of defendants on all counts; and

(d) award defendants their costs, expenses, and attorneys' fees incurred in defending this action.

This 18th day of November, 2016.

/s/ Duane D. Pritchett
Duane D. Pritchett
Chief Assistant County Attorney
Georgia Bar No.  588330
Duane.pritchett@gwinnettcounty.com

Attorney for Defendants

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia  30046-6935
(770) 822-8700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JACQUELINE GARBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 1:15-cv-00137-AT |
| | ) | |
| SHERIFF BUTCH CONWAY, in his | ) | |
| official and individual capacities, | ) | |
| COLONEL DON PINKARD, in his | ) | |
| official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 18, 2016 I electronically filed DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants

Jeffrey R. Filipovits
Filipovits Law Firm, P.C.
2900 Chamblee-Tucker Rd., Building 1
Atlanta, Georgia 30341

Gerald Weber
P.O. Box 5391
Atlanta, Georgia 31107

G. Brian Spears, Esq.
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306

This is to further certify that the foregoing document was prepared using 14 point Times New Roman Font.

This 18th day of November, 2016.

/s/ Duane D. Pritchett

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia  30046-6935
(770) 822-8700
(770) 822-8790 (Facsimile)